UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DICKERSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PAT L. VASQUEZ,<br><br>　　　　　Respondent. | No. 1:16-cv-01889-DAD-SKO<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM, MALICIOUSNESS, AND ABUSE OF JUDICIAL PROCESS<br><br>(Doc. No. 1) |

　　　　Brandon Alexander Favor (aka Brandon Favor-El) is a state prisoner confined in the California Correctional Institution, Tehachapi, California.  On December 12, 2016, Mr. Favor filed what purports to be a petition for writ of habeas corpus (28 U.S.C. § 2254) on behalf of another inmate, Gregory Dickerson.

/////

/////

/////

/////

/////

/////

/////

1

Mr. Favor is well known to this court. Since 2013, Mr. Favor has filed sixteen habeas petitions and seven § 1983 complaints in the Eastern District of California[1] as well as filing additional petitions and complaints in the Central and Southern Districts of California.

I.  THE PETITION

As with the complaints and petitions that Mr. Favor has filed on his own behalf, the above-captioned petition is rambling, incoherent, and fails to state any cognizable claim for relief under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The heading includes the name of the "Cochran Law Firm," an actual law firm doing business in Los Angeles, California, and nationwide. The Cochran Law Firm is also listed as a recipient of the petition in the proof of service appended to the pleading. Instead of naming an attorney and specifying his or her bar number, the filer is indicated as, "G60488-Favor-Legal Assistant." (Doc. No. 1 at 1.) "G60488" is the prisoner number assigned to Mr. Favor by the California Department of Corrections and Rehabilitation.[2]

Information concerning the putative petitioner's conviction and sentence has been omitted from the petition filed with the court. The sole ground for relief is stated to be "non-statutory relief." (Doc. No. 1 at 2.) The supporting facts alleged in the petition are convoluted and illogical, and fail to support any cognizable federal habeas claim. In their entirety, the facts alleged in the petition are:

---

[1] *Favor v. California*, No. 1:13-cv-00207-GSA; *Favor v. Harris*, No. 1:15-cv-00601-SAB; *Favor v. Davey*, No. 1:15-cv-00973-LJO-SKO; *Favor v. California State Prison*, No. 1:15-cv-01009-LJO-DLB PC); *Favor v. Magana*, No. 1:15-cv-01023-LJO-JLT; *Favor v. Dep't of Corrections*, No. 1:15-cv-01387-LJO-MJS; *Favor-El v. Guthry*, No. 1:15-cv-01864-MJS; *Favor-El v. Rome*, No. 1:15-cv-01865; *Favor v. Paramo*, No. 1:16-cv-00574-MJS; *Favor v. California*, No. 1:16-cv-00732-MJS; *Favor v. Paramo*, No. 1:16-cv-00810-JLT; *Favor v. Vasquez*, No. 1:16-cv-01444-SKO; *Favor v. Minaj*, No. 1:16-cv-01702-MJS; *Favor v. Harper*, No. 1:16-cv-01704-MJS; *Favor v. Williams*, No. 1:16-cv-01739-LJO-SKO; *Favor v. Ryan*, No. 1:16-cv-01790-JLT; *Favor v. Vasquez*, No. 1:16-cv-01791-MJS; *Favor-El v. Rome*, No. 1:16-cv-01808-DAD-SKO; *Favor v. Vasquez*, No. 1:16-cv-01809-JLT; *Favor v. Minaj*, No. 1:16-cv-01851-JLT; *Favor v. Calipatria State Prison*, No. 2:15-cv-01386-KJM-DAD; *Favor v. Richard J. Donovan Correctional Facility*, No. 2:15-cv-01396-EFB; *Favor-El v. United States of America*, No. 2:15-cv-01448-GEB-AC.

[2] State of California Inmate Locator, http://inmatelocator.cdcr.ca.gov/search.aspx (search by "Last Name" for "Favor") (last visited Dec. 21, 2016).

> To wit petitioner undergoes prison punishment after 61 years to life where victim person for robbery or rather grand theft of personal property to collect five thousand dollars under anther [*sic*] person NANCY SMITH (also [as] [*sic*] victim) whom under received information by and thru Nancy Smith receiving information to commit crime GRAND THEFT against FAYE BURNWORTH in the amount of five thousand dollars ($5,000.00) with along father parent EDWARD DICKERSON, SR., as a developed "pigeon drop" type scheme onto elderly woman "after taxes on found money" petitioner seeks immediate relief under NEWLY DISCOVERED EVIDENCE as victim person readily uncontested.

(Doc. No. 1 at 2.)

    The petition discloses only a direct appeal, apparently from petitioner's original judgment of conviction, to the California Court of Appeal for the Fifth Appellate District, decided January 23, 2001.  The conclusory allegation of unspecified newly discovered evidence is not alleged to have been presented to the California courts.  The petition is unsigned, but the proof of service has been signed with a scribble attributed to petitioner Gregory Dickerson.

    Appended to the petition is a state court motion for bail or release on own recognizance pending appeal, dated December 7, 2016, and again attributed to a Los Angeles law firm, but completed in what appears to be Mr. Favor's hand printing.  The proof of service of the state court motion is signed with a scribble attributed to Mr. Favor.

II.    <u>UNAUTHORIZED REPRESENTATION BY A NON-ATTORNEY</u>

    Mr. Favor, who is not an attorney, may not act on behalf of petitioner or any other party proceeding *pro se*.  The privilege to proceed *pro se* is personal to the litigant and does not extend to other parties or entities acting on his behalf.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).  "[A] non-attorney may appear only in her own behalf."  *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995).  Although a person who is not an attorney may appear *pro se* on his own behalf, *see* 28 U.S.C. § 1654, "he has no authority to appear as an attorney for others than himself."  *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966).  Although the court may take judicial notice of the CDCR inmate directory, which reports that an inmate named Gregory Dickerson is incarcerated at California Correctional Institution,[3] the

---

[3] State of California Inmate Locator, http://inmatelocator.cdcr.ca.gov/search.aspx (search by "Last Name" for "Dickerson") (last visited Dec. 21, 2016).

unsigned petition provides no basis by which the court may conclude that Mr. Favor filed the petition with Mr. Dickerson's knowledge or permission.

### III.     PETITIONER'S FAILURE TO SIGN PETITION

A federal habeas petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign if for the petition under 28 U.S.C. § 2242." Rule 2(c)(5) of the Rules Governing Section 2254 Cases. No one has signed the petition in this case.

### IV.     FAILURE TO STATE A FEDERAL CLAIM

The scope of habeas corpus is prescribed by statute. Section 2241(c) of Title 28 provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." Title 28 U.S.C. § 2254(a) states, "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See also* Rule 1 of the Rules Governing Section 2254 Cases.

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to § 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

The habeas petition filed in this case fails to state a cognizable claim for federal habeas relief. It does not allege a violation of the Constitution or federal law, nor does it argue that the petitioner is in custody in violation of the Constitution or federal law. The only possible alleged grounds for relief consist of the stated claim for "non-statutory relief" and the unsupported allegation of unspecified newly discovered evidence. That allegation is insufficient to state a cognizable claim for habeas relief.

/////

/////

## V. NO EXHAUSTION OF STATE REMEDIES

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

The habeas petition before the court does not allege that petitioner has ever presented any claim to the California Supreme Court. Even if the court could somehow conclude that the petition articulated a cognizable federal habeas claim, in the absence of the California Supreme Court's having been given a full and fair opportunity to consider the claim, any such claim would be unexhausted and thus, outside federal habeas jurisdiction.

## VI. ABSENCE OF GOOD FAITH

"Notwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious[, or] (ii) fails to state a claim on which relief may be granted . . . . 28 U.S.C. § 1915(e)(2). Although this court dismisses this petition due to its failure to state a claim on which relief may be granted, the court would be remiss in ignoring Mr. Favor's absence of good faith in filing it.

To determine whether an individual has filed a pleading in good faith, a Court must examine the good faith of the applicant. *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46

1   (1915); *see also Wright v. Newsome*, 795 F.2d 964, 968 n. 1 (11th Cir. 1986).  In determining a

2   litigant's good faith, a court may consider not only the actual language of the complaint, but the

3   circumstances and history of its filing, the nature of the allegations, and the presence or absence

4   of probative facts.  *Spencer v. Rhodes*, 656 F. Supp. 458, 463–64 (E.D.N.C,), *aff'd*, 826F.2d 1061

5   (4th Cir. 1987).  In view of the absence of any apparent participation by petitioner Gregory

6   Dickerson, the court cannot determine what role, if any, Mr. Dickerson played in the filing of the

7   petition pending before the court or whether Mr. Dickerson acted in good or bad faith with

8   respect to its filing.  Accordingly, the court will dismiss the petition without prejudice to Mr.

9   Dickerson's re-filing a petition for federal habeas relief should he seek to allege a meritorious

10  ground for such relief in the future.

11       The court concludes, however, that Mr. Favor has acted in bad faith.  First, Mr. Favor has

12  acted with consciousness of the impropriety of his filing a habeas petition on behalf of another

13  inmate.  He has attempted to mislead the court to believe that the Cochran Law Firm—not Mr.

14  Favor or Mr. Dickerson proceeding *pro se*—is prosecuting the petition on Mr. Dickerson's

15  behalf.  By utilizing his CDCR identification number as if it were a bar admission number, Mr.

16  Favor has attempted to lead an inattentive or uninformed reader to conclude that Mr. Favor is

17  either admitted to the bar or somehow authorized to bring the petition as a "legal assistant."

18       Second, Mr. Favor has filed an incomplete petition, using only portions of court-provided

19  forms for submission of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  That

20  Mr. Favor has omitted all substantive and identifying information concerning Mr. Dickerson's

21  conviction and sentence suggests that for some reason unknown to this court, Mr. Favor may have

22  sought to file the petition without Mr. Dickerson's cooperation or knowledge.

23       Mr. Favor has also filed a frivolous petition, advancing a meaningless claim (i.e., for

24  "non-statutory relief") supported by factual allegations that are garbled and nonsensical.  His

25  conclusory allegation of newly discovered evidence suggests his awareness that the claim is

26  neither timely nor exhausted.

27       Despite his extensive history of filings in this and other federal district courts, Mr. Favor

28  disregarded procedural and substantive requirements for the filing of cognizable claims for

federal habeas relief. The court concludes that Mr. Favor has filed the above-captioned petition both frivolously and maliciously. Accordingly, the court warns Mr. Favor that such conduct on his part will not be tolerated in the future. In the event that Mr. Favor again files or attempts to file any action on behalf of any other person or represents himself as a "legal assistant" or as otherwise authorized to provide legal representation to another, the court will initiate proceedings to declare Mr. Favor a vexatious litigant and to restrict his ability to file in this court any future action on his own behalf without prior court approval.

VII.   CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Specifically, the federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. See Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. 28 U.S.C. § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made such a showing.

Accordingly, a certificate of appealability will not be issued.

VIII.   CONCLUSION

Accordingly and for the reasons set forth above:

1. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is dismissed without prejudice to petitioner Gregory Dickerson's entitlement to file a subsequent petition alleging one or more cognizable federal claims;

2. The filer of the petition, Brandon Alexander Favor, also known as Brandon Favor-El, is ordered to cease representing himself as a "legal assistant" or as affiliated with any

1 | law firm or legal entity;

2 | 3. The filer of the petition, Brandon Alexander Favor, also known as Brandon Favor-El, is ordered to cease filing legal actions on behalf of any other individual or group; and

4. The filer of the petition, Brandon Alexander Favor, also known as Brandon Favor-El, is warned that his violation of this order shall result in the court's initiating proceedings to declare him a vexatious litigant and to order restrictions on his ability to file further legal actions in this court.

IT IS SO ORDERED.

Dated: __December 30, 2016__         *Dale A. Drozd*
                                     UNITED STATES DISTRICT JUDGE